# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

JULIANNE EVANS-CARROLL,

          Plaintiff,

v.

MICHAEL J. ASTRUE,

          Defendant.

2:09-cv-00821-KJD-LRL

**MOTION TO REVERSE (#21)**

## REPORT & RECOMMENDATION

Before the court is plaintiff's Motion to Reverse the Appeals Council's Decision  (#21, filed February 2, 2010).  Also before the court is defendant's Cross-Motion to Affirm and Opposition to Plaintiff's Motion for Remand (#22, filed March 4, 2010), and plaintiff's Reply (#24, filed April 14, 2010).

## BACKGROUND

This case involves a claim for Survivor's Benefits for the children of a deceased wage-earner under Title II of the Social Security Act ("the Act").  Plaintiff, Julianne Evans-Carroll, challenges the Commissioner's final decision that her daughter, A.E., was not entitled to survivor's benefits upon the death of her step-father, Gary Carroll, because Gary Carroll did not provide at least one-half support to A.E. in the year preceding his death.

Gary Carroll passed away on April 8, 2005.  (AR 173, 393).  On November 29, 2005, the Commissioner approved claims of Child's Insurance Benefits for Gary Carroll's four children from his first marriage to Deborah Carroll, and for A.E., Gary Carroll's stepchild.  (AR 163-167).  Deborah Carroll objected to the award of benefits to A.E. from Gary Carroll's account, because the account was limited to family maximum, and as a result Deborah Carroll's four children would receive less if A.E.

also received benefits.  (AR 88-89).  *See* 20 C.F.R. § 404.403(a) (explaining that the total benefits payable from a wage-earner's account are limited to a "family maximum").  Deborah Carroll argued that Gary Carroll did not provide for one-half of A.E.'s support, and thus A.E. should not receive benefits.  She requested a hearing before an administrative law judge ("ALJ").  (AR 168).

An ALJ presided over a hearing, held on May 1, 2007.  (AR 379-420).  Deborah Carroll and Julianne Evans-Carroll both appeared and testified at the hearing; neither was represented by counsel. The ALJ issued a decision, finding that A.E. was not eligible for child's insurance benefits because A.E. was not dependent on Gary Carroll at the time of Gary Carroll's death.  (AR 53-61).  Julianne Evans-Carroll appealed the ALJ's decision.  On March 27, 2009, the Appeals Council vacated the ALJ's decision but concluded on different grounds that A.E. was not dependant on Gary Carroll at the time of his death.  (AR 11-13).  On April 23, 2009, Julianne Evans-Carroll requested that the case be reopened in order to admit new evidence.  The Appeals Council, however, upheld its decision on July 30, 2009.  Julianne Evans-Carroll commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).  Through her Motion to Reverse (#21), Julianne Evans-Carroll further seeks to "submit new evidence in her Social Security benefit's [Sic.] case."  Mot. (#21) at 1.[1]  In vacating the ALJ's opinion, the March 27, 2009, decision of the Appeals Council was the Commissioner's final decision, *see* (AR 8), and is the decision under review.  *See* 42 U.S.C. § 405(g).

**The Appeals Council's Findings**

The Appeals Council concluded that A.E. "is not entitled to surviving child's insurance benefits as the wage earner's step-child because she received more than one-half of her support from someone other than the wage earner during the 12-month period prior to the wage earner's death."  (AR 13). Specifically the Appeals Council found that A.E.'s natural father, John Evans, "was providing more than one-half of [A.E.]'s support during the relevant period."  (AR 12).  The Council reasoned that

---

[1] The evidence that she would like to submit is included with her motion as exhibits 1-5.  Exhibit 1 is a letter from A.E.'s natural father, John Evans; Exhibit 2-5 are certificates of insurance coverage for John Evans, A.E., and John Evans's two other children.  Attached as exhibits to Evans-Carroll's Reply (#24) are: (1) print-outs from A.E.'s school and (2) a copy of Gary Carroll's health insurance enrollment form.

under their divorce decree, John Evans and Julianne Evans-Carroll each were required to share A.E.'s expenses equally, except that John Evans was additionally required to maintain medical insurance coverage for A.E.  *Id.*  Because the additional obligation belonged to John Evans alone, the Appeals Council found that he necessarily provided greater than one-half to A.E.'s support.  Accordingly, even if Gary Carroll had assumed all of Julianne Evans-Carroll's support responsibilities, he could not have provided at least one-half of A.E.'s support.  *See* (AR 13).

In reaching its conclusion, the Appeals Council rejected Julianne Evans-Carroll's argument that she retained physical custody of A.E. for more time than did John Evans.  The Appeals Council conceded that the "divorce decree does appear to contain contradictory findings, stating that each was to have custody for 3 ½ days per week, while stating that the father would have custody from Wednesday at 7 p.m. to Saturday at 8 p.m., which would be only 3 days." (AR 13).  However, stating that it was "unclear whether this was a typographical error," the Appeals Council reasoned, "it is clear from the remainder of the settlement that the custody arrangement was to be flexible and that support from either party was not requested or ordered because the parties agreed that support obligation of each was essentially equal, with the exception of the additional requirement that John Evans pay for medical insurance coverage."  *Id.*  The Appeals Council accordingly found that regardless of the number of hours A.E. spent in John Evans's physical custody, Julianne Evans-Carroll had not established that he did not share in the support obligation as set forth in the decree – i.e., 50/50 except for the insurance coverage.  *See id.*

As noted, Julianne Evans-Carroll filed a request on April 23, 2009 to reopen her case to submit additional evidence showing that John Evans did not incur any additional cost to maintain A.E.'s insurance coverage.  (AR 5-7).  Included with her request was a letter from John Evans verifying that he carried insurance on his newborn daughter and so it did not cost him any additional money to carry coverage for A.E.  (AR 7).  The Appeals Council reviewed the request and John Evans's letter, and explained,

[r]egardless of whether it cost your ex-husband the same to cover only [A.E.] or to cover

3

her plus additional children, the value of the insurance coverage provided was a contribution to her support and he was required by the divorce decree to provide the additional support to [A.E.]. Because you were not required to provide this support/benefit, your ex-husband's total contribution exceeded one-half of [A.E.]'s ordinary living costs.

(AR 4). The Appeals Council again concluded, "you and the wage earner could not have provided one-half of her support and no change in our prior action is required." *Id.*

## DISCUSSION

Through her Motion to Reverse (#21), Julianne Evans-Carroll asks the court to reverse the Appeals Council's decision to deny benefits to A.E. She argues that the Appeals Council's interpretation of the divorce decree language concerning one half custody to be arbitrary. Reply (#24) at 1. Specifically she maintains that it was improper of the Appeals Council to take into account that portion of the decree which gave John Evans an additional burden without also taking into account the additional time burden that was hers. *See id.* at 2. In any event, she argues, John Evans did not incur any additional cost to have A.E. on his insurance, and thus he did not provide greater than one-half of A.E.'s support. Julianne Evans-Carroll further seeks to submit new evidence for consideration in this matter. She states, "[t]he reason this evidence was not originally submitted was the Social Security Administration did not express the relevance of the insurance coverage of [A.E.] by her father." Mot. (#21) at 1.

**A. Remand for Consideration of New Evidence is Not Appropriate**

The court "may at any time order additional evidence to be taken before the Commissioner of Social Security but only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record at prior proceeding." 42 U.S.C. § 405(g). Evidence is considered sufficiently material to require remand, "only where there is a *reasonable possibility* that the new evidence would have changed the outcome of the [Commissioner's] determination had it been before him." *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (emphasis in original) (citations omitted) (adopting Fifth Circuit's "reasonable

possibility" test); *see also* 42 U.S.C. § 405(g).  The plaintiff must also show "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Booz*, 734 F.2d at 1380 (quoting 42 U.S.C. § 405(g)).  In *Booz*, the court noted that "[i]n Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that . . . claimant's interests are considered." *Booz*, 734 F.2d at 1381 (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)); *see also* 42 U.S.C. § 405(g).

Julianne Evans-Carroll seeks to submit as new evidence: (1) a letter from John Evans stating that it cost him nothing to add A.E. to his insurance policy; (2) John Evans's insurance policies for his four children (A.E. included); (3) a copy of a health insurance enrollment form for Gary Carroll, on which A.E. is listed as a dependent; (4)  print-outs from A.E.'s school listing Gary Carroll as A.E.'s parent/guardian; and (5) a print-out listing the schools that A.E. attended. *See* Mot. (#21) at Exhs. 1-5; Reply (#24) at 3-7.

This evidence does not meet the new and material standard as set forth in 42 U.S.C. § 405(g). The Appeals Council considered the insurance policies of both John Evans and Gary Carroll in deciding that Gary Carroll could not provide at least one-half support to A.E  (AR 12).  Accordingly, this evidence is not "new evidence."  Regarding the letter from John Evans, the Appeals Council reviewed and addressed it in its decision to deny Julianne Evans-Carroll's request to reopen. *See* (AR 3-4).  Thus, the court cannot find a "reasonable possibility" that this information would change the Appeals Council's decision. *See Booz*, 734 F.3d at 1380-81.

Nor is there a reasonable possibility that the pages listing the schools A.E. attended and listing Gary Carroll as a parent of A.E. would alter the decision of the Appeals Council.  The Appeals Council based its decision on the divorce decree language, reasoning that because John Evans alone was required to provide insurance coverage in addition to otherwise equal support for A.E., and insofar as the insurance coverage was a value to A.E., she received more than one-half of her support from John Evans. *See* (AR 3-4; 12-13).  Whether Gary Carroll was listed as a parent on A.E's school records and in what school district she attended school is immaterial to Appeals Council's decision.  Such evidence

5

is not relevant to the divorce decree language or John Evans's coverage of A.E. on his insurance policy. Accordingly, this evidence, too, fails to meet the materiality standard. Julianne Evans-Carroll's request to submit new evidence should be denied.

**B. The Commissioner's Final Decision Is Supported by Substantial Evidence**

When deciding a Social Security appeal, the decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (citation omitted). Substantial evidence is relevant evidence which a reasonable person might accept as adequate to support a conclusion when the entire record is considered. *Id.* (citation omitted). It "is more than a mere scintilla, but less than a preponderance . . . ." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003) (citation omitted). The Commissioner's "resolution of any conflicts in the evidence, if reasonable, must be affirmed. *See e.g.,Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) ("we must uphold the [Commissioner's] decision where the evidence is susceptible to more than one rational interpretation"); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation."). Where the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its own judgment for that of the Commissioner. *Batson*, 359 F.3d at 1196 (citation omitted). Thus, the question before the court is not whether the Commissioner reasonably could have reached a different outcome, but whether the Commissioner's final decision is supported by substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

To be eligible for Child's Insurance Survivor's Benefits, one must be a child of the insured, and must have been dependent on the insured at the time of the insured's death. *See* 42 U.S.C. § 402(d)(1)(C); 20 C.F.R. §404.350(a)(2). The Act defines "child" to include a stepchild. *See* 42 U.S.C. § 416(e)(2). A child is dependent on the insured if the insured provided at least one-half of the child's support. *See* 20 C.F.R. § 404.363. Support includes contributions made or income available for the child's ordinary living costs, defined as "the costs for your food, shelter routine medical care, and

6

similar necessities.  A contribution may be in cash, goods, or services."  20 C.F.R. § 404.366(b).  The claimant bears the burden to establish that the child was dependent on the deceased wage earner.  *See Gillett-Netting v. Barnhart*, 371 F.3d 593, 598 (9th Cir. 2004) ("a claimant must show dependency on an insured wage earner in order to be entitled to child's insurance benefits"); *see also Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009) ("to receive benefits under the Act, a claimant must show that" (1) he or she is a child, under the Act; and (2) he or she was dependent on the insured wage earner at the time of his death") (internal quotation marks and citations omitted).

Here, it is not disputed that A.E. was Gary Carroll's child as defined under the Act.  The only issue in dispute is whether the Appeals Council reasonably concluded that Gary Carroll could not have provided at least one-half support for A.E. such that she could be considered his dependent pursuant to the Act.  The court finds that the Appeals Council's conclusion was a reasonable interpretation of the evidence.  *See Burch*, 400 F.3d at 680-81.  The Appeals Council carefully considered the divorce decree between Julianne Evans-Carroll and John Evans.  Although the divorce decree stated that each party would have physical custody of A.E. 3 ½ days per week, it set forth a schedule which indicated that Julianne Evans-Carroll retained physical custody of A.E. for more than half of the time.  *See* (AR 115).  In resolving this conflict, the Appeals Council made a reasoned determination that insofar as the decree included numerous references to equal divisions,[2] the more reasonable interpretation of the divorce decree was that John Evans and Julianne Evans-Carroll "agreed that support obligation of each was essentially equal, with the exception of the additional requirement that John Evans pay for medical insurance coverage...." (AR 13).  Insofar as the Appeals Council's resolution of this apparent conflict in the evidence is reasonable, it must be affirmed.  *See Burch v. Barnhart*, 400 F.3d at 680-81.

On Julianne Evans-Carroll's request to reopen, the Appeals Council explained that whether or not the coverage for A.E. was an extra cost to John Evans would not change whether John Evans provided more than one-half support for A.E., inasmuch as "the value of the insurance coverage was a contribution to her support," which he and not Julianne Evans-Carroll, was required to provide

---

[2]e.g., holidays, vacations, expenditures, and  tax exemptions

pursuant to the divorce decree. (AR 4). This logic follows 20 C.F.R. § 404.366(b), which provides that "a contribution may be in cash, goods, or services." Accordingly, it would be impossible for Gary Carroll or Julianne Evans-Carroll, to have provided at least one-half support of A.E., because John Evans retained the same "equal support" responsibilities as Julianne Evans-Carroll plus the legal obligation to provide for the medical insurance. Julianne Evans-Carroll, therefore, was unable to meet her burden of proving that A.E. was dependent on John Carroll as defined by the Act. The court finds that the decision of the Appeals Council, acting as the final decision of the Commissioner, is supported by substantial evidence.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiff's Motion to Reverse (#21) be denied and the defendant's Cross-Motion to Affirm (#22) be granted.

DATED this 6th day of August, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**