# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JULIANNE EVANS-CARROLL,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

Case No. 2:09-CV-00821-KJD-LRL

**ORDER**

    Currently before the Court is Plaintiff Julianne Evans-Carroll's Motion to Reverse (#21). Defendant filed a Response in Opposition (#22). Also before the Court is Defendant's Cross-Motion to Affirm (#23), to which Plaintiff filed a Response in Opposition (#24). On August 6, 2010, Magistrate Judge Lawrence R. Leavitt filed a Report and Recommendation (#25) recommending that the Court deny Plaintiff's Motion to Reverse, and grant Defendant's Cross-Motion to Affirm. Plaintiff filed an Objection (#26) to the Report and Recommendation, to which Defendant filed a Response (#27), and Plaintiff filed a Reply (#28). The Court has considered each Motion, its respective Response, the Report and Recommendation, Objection, Response, and Reply, and for the reasons stated herein, upholds the Magistrate Judge's Report and Recommendation in whole.

**I. Legal Standard**

    Upon objection by a petitioner in a social security action, a district judge must independently determine whether the Commissioner's decision is free of legal error and is supported by substantial

evidence.  See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g).  The Ninth Circuit has defined "substantial evidence" as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the [Commissioner's] findings.  However, if the evidence is capable of more than one rational interpretation, the decision . . . must be upheld." Orteza v. Shalala, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted). "However, [the court] may not affirm simply by isolating a specific quantum of supporting evidence." Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  The Commissioner is responsible for determining credibility, and for resolving ambiguities.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).

**II. Analysis**

Here, the Court has reviewed the record, and finds that the Magistrate Judge's Recommendation is correct.  Specifically, the Magistrate Judge properly found that the underlying Appeals Council decision was based on the language of the divorce decree, and that "because John Evans alone was required to provide insurance coverage in addition to otherwise equal support for A.E., and insofar as the insurance coverage was a value to A.E., [A.E.] received more than one-half of her support from John Evans." (Report and Recommendation at 5.)  Accordingly, the Court finds that the Magistrate Judge was correct in recommending that Plaintiff's request to submit new evidence be denied.  Additionally, a review of the record demonstrates that the Magistrate Judge properly found that the Commissioner's final decision is supported by substantial evidence, and that the Commissioner applied the correct legal standards.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (#25) is upheld in full.

**IT IS FURTHER ORDERED** that Plaintiff's Julianne Evans-Carroll's Motion to Reverse (#21) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion to Affirm (#23) is **GRANTED**.

DATED this 20th day of September 2010.

_____
Kent J. Dawson
United States District Judge